Filed 12/16/24  P. v. Latten CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM ANGELO LATTEN, JR.,<br><br>Defendant and Appellant. | B335229<br><br>(Los Angeles County<br>Super. Ct. No. TA143488) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Hector E. Gutierrez, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

William Latten, Jr., appeals the judgment entered following a resentencing hearing pursuant to Penal Code[1] section 1172.75.  Appellant challenges the trial court's refusal to strike a prior strike conviction under the Three Strikes law (§§ 667, subds. (b)–(i) & 1170.12, subd. (c)) and a great bodily injury enhancement (§ 12022.7) under section 1385.  Specifically, appellant contends:  (1) the trial court erred in refusing to strike the prior strike conviction based on its finding that section 1385, subdivision (c) does not apply to sentences under the Three Strikes law; (2) the trial court abused its discretion in denying appellant's *Romero*[2] motion to strike the prior strike conviction in the interest of justice; and (3) remand to dismiss the prior strike conviction and the great bodily injury enhancement is required because both common law and section 1172.75 authorize a sentence reduction in this case, and a lesser sentence would not endanger public safety.  We disagree and affirm.

## PROCEDURAL BACKGROUND

On September 24, 2018, appellant entered an open plea of no contest to two counts of robbery and admitted a great bodily injury allegation (§ 12022.7, subd. (a)), a prior prison term allegation (§ 667.5, subd. (b)), and a prior strike conviction (§§ 667, subds. (b)–(j), 1170.12).  In accordance with the indicated sentence, the trial court sentenced appellant to a total term of 12 years in state prison, which consisted of the mid-term of three years on the robbery charged in count 2, doubled to six years under the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12), plus

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

2

three years for the great bodily injury enhancement, one year for the robbery charged in count 2, and one year for the prior prison term enhancement (§ 667.5, subd. (b)) applied to each of the two robbery counts.

On October 2, 2023, appellant filed a motion to strike the now-invalid one-year prior prison term enhancements pursuant to section 1172.75, subdivision (d). He requested full resentencing in accordance with current sentencing laws, and asked the court to strike the prior strike conviction and the great bodily injury enhancement in the interest of justice under section 1385, subdivisions (a) and (c). In support of his request, appellant submitted documentation regarding his conduct in prison, which showed that he had obtained a high school equivalency certificate and had completed various treatment activities.

At the hearing on appellant's motion, the People stipulated to striking the two one-year prior prison term enhancements. The trial court agreed that appellant was entitled to full resentencing consideration, but denied appellant's request to dismiss the prior strike conviction and/or the great bodily injury enhancement on the grounds that (1) a prior strike conviction under the Three Strikes law does not qualify for dismissal as an enhancement under section 1385, subdivision (c); (2) even under *Romero*, it is not in the interest of justice to strike the strike prior in the exercise of the court's discretion under section 1385, subdivision (a); and (3) reduction of appellant's sentence by dismissing the great bodily injury enhancement under section 1385, subdivision (c) would endanger public safety.

The court then sentenced appellant to 10 years in state prison, as follows: three years on count 2 (second degree robbery)

doubled to six years under the Three Strikes law, plus three years for the great bodily injury enhancement (§ 12022.7), and one year on count 1 (second degree robbery).

## DISCUSSION

I.   **The Trial Court Properly Refused to Strike the Prior Strike Conviction Under Section 1385, Subdivision (c)**

Effective January 1, 2022, Senate Bill No. 81 added subdivision (c) to section 1385 to provide: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present." (§ 1385, subd. (c)(2); *People v. Walker* (2024) 16 Cal.5th 1024, 1037 (*Walker*) [as amended, section 1385 now requires sentencing courts to consider and " 'weigh[ ] greatly' " nine factors in mitigation specified in subdivision (c)(2)(A)–(I) when determining whether to strike enhancements in furtherance of justice].)

Section 1385, subdivision (c), however, expressly applies only to a court's decision whether to dismiss a sentence *enhancement* in the interests of justice. It does not apply to the increased punishment imposed due to one or more qualifying prior strike convictions under the Three Strikes law because the Three Strikes law is an alternative sentencing scheme for the current offense, not a sentence enhancement. (*Romero, supra,* 13 Cal.4th at p. 527 ["The Three Strikes law . . . articulates an alternative sentencing scheme for the current offense rather than

4

an enhancement"]; *People v. Dowdy* (Nov. 26, 2024, A168182) \_\_\_ Cal.App.5th \_\_\_ [2024 Cal.App. Lexis 768, at \*9] (*Dowdy*) ["section 1385, subdivision (c) applies by its terms to a sentence 'enhancement,' but not to a sentence derived from the alternative sentencing scheme of the Three Strikes law"]; *People v. Dain* (2024) 99 Cal.App.5th 399, 410, review granted May 29, 2024, S283924 ["section 1385(c), by its terms, applies only when a trial court is considering whether to dismiss 'an enhancement,' and a sentence under the Three Strikes law is not an enhancement"]; *People v. Olay* (2023) 98 Cal.App.5th 60, 66–67 [if the Legislature had wanted section 1385, subdivision (c) to apply to prior strikes as well as to enhancements as legally defined, it would have said so]; *People v. Burke* (2023) 89 Cal.App.5th 237, 244 (*Burke*) ["The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement"]; *In re Milton* (2019) 42 Cal.App.5th 977, 985, fn. 4 ["The three strikes law 'articulates an alternative sentencing scheme for the current offense rather than an enhancement' "]; *In re Edwards* (2018) 26 Cal.App.5th 1181, 1187 [same]; *People v. Williams* (2014) 227 Cal.App.4th 733, 744 ["The Three Strikes law is a penalty provision, not an enhancement. It is not an enhancement because it does not add an additional term of imprisonment to the base term. Instead, it provides for an alternate sentence (25 years to life) when it is proven that the defendant has suffered at least two prior serious felony convictions"].)

Appellant acknowledges that appellate courts have unanimously held that the Three Strikes law is an alternative sentencing scheme and not an enhancement for purposes of section 1385, subdivision (c). He nevertheless contends these

5

cases were wrongly decided, claiming, without citation to authority, that "a 'strike' prior constitutes an 'enhancement' under any reasonable definition of the term, because it 'enhances' the sentence that would normally be imposed upon the defendant."

Appellant further asserts "the Legislature intended to include punishment imposed by the Three Strikes Law in enacting section 1385, subdivision (c)." He cites none of the legislative history of section 1385, subdivision (c) for this proposition, but instead relies on a footnote in *Burke*, in which the court "recognize[d] much of the legislative history [of Senate Bill No. 81] is inconsistent with [the] plain language [of the statute] and suggests that the term enhancement includes the Three Strikes law." (*Burke, supra,* 89 Cal.App.5th at p. 243, fn. 3.) After describing those inconsistencies, the court concluded its observations by stating, "To the extent this history reflects a legislative intent different than that expressed in the plain language of the bill, that is a matter for the Legislature to correct." (*Ibid.*)

In holding that section 1385, subdivision (c) has no application to a Three Strikes sentence, the court in *Burke* explained, " '[W]ords used in a statute are presumed to be used in accordance with their established legal or technical meaning.' [Citation.] The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both

6

this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law.  [Citation.]  The Legislature did not otherwise define the word 'enhancement' in section 1385.  Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant." (*Burke, supra,* 89 Cal.App.5th at p. 243.)

Every court that has addressed the issue has agreed with *Burke*'s holding that section 1385, subdivision (c) does not apply to a sentence imposed under the Three Strikes alternative sentencing scheme.  (*People v. Serrano* (2024) 100 Cal.App.5th 1324, 1338; *Dowdy, supra,* ___ Cal.App.5th ___ [2024 Cal.App. Lexis 768, at *9] [citing cases].)  We see no reason to depart from this unanimous chorus of opinion.

## II. The Trial Court Did Not Abuse Its Discretion in Declining to Strike the Prior Strike Conviction in the Interests of Justice

Appellant contends that even if the trial court had no authority to strike the prior strike conviction under section 1385, subdivision (c), remand for resentencing is required because the trial court erred in refusing to dismiss the strike under section 1385, subdivision (a) in the interest of justice.  We disagree.

In *Romero*, our Supreme Court held that pursuant to section 1385, subdivision (a), a trial court may, in furtherance of justice, strike an allegation or vacate a finding under the Three Strikes law that the defendant has previously been convicted of a qualifying strike offense.  (*Romero, supra,* 13 Cal.4th at pp. 504, 529–530; *People v. Leavel* (2012) 203 Cal.App.4th 823, 836.)  In deciding whether to strike or vacate a prior strike conviction, the

7

court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Vargas* (2014) 59 Cal.4th 635, 641 (*Vargas*).)

A trial court's denial of a *Romero* motion is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) This deferential standard places the burden on appellant to clearly show that the sentencing decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Thus, " '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]. [And] [b]ecause the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Id.* at p. 378; *Vargas, supra,* 59 Cal.4th at p. 641.)

Here, the trial court expressly found that dismissal of appellant's prior strike conviction would not be in furtherance of

8

justice. In making its finding, the court cited appellant's long criminal history, starting when he was a juvenile and continuing through to his commission of the current offenses. It found appellant's criminal record reflects 11 juvenile adjudications and several adult convictions, many for violent crimes, including assault with a deadly weapon, aggravated battery, corporal injury on a spouse, and the strike offense—first degree residential burglary. The court also noted that appellant's current offenses were serious and violent, and he committed the two robberies in this case within three years of his prior strike conviction while he was on parole for that offense.

In light of this record of unremitted recidivism and demonstrated failure to rehabilitate, we find no abuse of discretion in the trial court's determination that it was not in the interest of justice to dismiss appellant's prior strike conviction.

## III. The Trial Court Did Not Err in Refusing to Dismiss the Great Bodily Injury Enhancement Based on Its Finding that Dismissal of the Great Bodily Injury Enhancement Would Endanger Public Safety

While most of his focus on appeal is the trial court's failure to strike the prior strike conviction, appellant also asserts that the trial court erred in refusing to dismiss the great bodily injury enhancement under section 1385, subdivision (c). We disagree.

Section 1385, subdivision (c)(2) identifies nine mitigating circumstances the trial court must consider in determining

9

whether to dismiss an enhancement in the interest of justice.[3] (§ 1385, subd. (c)(2).) see *People v. Sek* (2022) 74 Cal.App.5th 657, 674 [Sen. Bill No. 81 "amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements . . . in the interest of justice"].) The statute provides that "[p]roof of the presence of one or more of these

---

[3] Section 1385, subdivision (c)(2) specifies the mitigating circumstances in subparagraphs (A) through (I):

"(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed.

"(D) The current offense is connected to mental illness.

"(E) The current offense is connected to prior victimization or childhood trauma.

"(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

"(G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H) The enhancement is based on a prior conviction that is over five years old.

"(I) Though a firearm was used in the current offense, it was inoperable or unloaded."

circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."[4]  (§ 1385, subd. (c)(2).)

"The phrase 'great weight' in [the first] sentence [of section 1385, subdivision (c)(2)] refers to 'the trial court's evaluation of the defendant's evidence in the first instance.  [Citation.]  [But] [t]he second sentence . . . dictates that a proven mitigating circumstance 'weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*.' "  (*Walker, supra,* 16 Cal.5th at p. 1034, italics omitted & added.)  As our Supreme Court explained, "Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement.  But ultimately, the court must determine whether dismissal is in furtherance of justice.  This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' "  (*Id.* at p. 1036.)

---

[4] " 'Endanger public safety' " is defined to mean "there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)

Appellant contends the two mitigating factors listed in section 1385, subdivision (c)(2)(B) and (H) require dismissal of the great bodily injury enhancement in this case: "(B) Multiple enhancements are alleged in a single case," and "(H) The enhancement is based on a prior conviction that is over five years old." But neither of these mitigating circumstances is present here. As discussed above, the Three Strikes law does not constitute a sentence enhancement; thus, only one enhancement was alleged in appellant's case, and that enhancement was not based on appellant's prior strike conviction. Moreover, the prior conviction was not over five years old; appellant committed the current offenses within three years of his prior strike offense while he was on parole for that offense.

Even if any of these mitigating circumstances were proved, however, appellant is still ineligible for a reduction in his sentence under section 1385, subdivision (c)(2) because the trial court expressly found dismissal of the enhancement would endanger public safety. The trial court's finding in this regard was based on substantial, credible evidence of multiple aggravating factors which supported the court's conclusion that dismissal of the enhancement was not in furtherance of justice. (See *Walker, supra,* 16 Cal.5th at p. 1036.)

As our Supreme Court declared, in determining whether an enhancement should be dismissed even when an enumerated mitigating circumstance is present, " 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' (§ 1385, subd. (c)(1)) inquiry requires a trial court's ongoing exercise of 'discretion' (*id.*, subd. (c)(2)). Thus, notwithstanding the presence of a mitigating circumstance,

12

trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker, supra,* 16 Cal.5th at p. 1033.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                    LUI, P. J.

We concur:



ASHMANN-GERST, J.



RICHARDSON, J.